**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DORIAN CLARK** <br> ***a/k/a Steven Jacobs*,** <br> *Plaintiff* | : | **CIVIL ACTION** |
| **v.** | : | **NO. 21-CV-5690** |
| **ALL THE JUDGES OF THE CRIMINAL JUSTICE CENTER,** <br> *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO. J. MAY 18, 2022

Plaintiff Dorian Clark, also known as Steven Jacobs, a prisoner currently incarcerated at Philadelphia Industrial Correctional Center ("PICC"),[1] brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Currently before the Court are Clark's Complaint, (ECF No. 1), Motion for Leave to Proceed *In Forma Pauperis*, (ECF No. 4), and Prisoner Trust Fund Account Statement, (ECF No. 5). For the following reasons, the Court will grant Clark leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

---

[1] At the time he initiated this action, Clark was incarcerated at Riverside Correctional Facility located at 8151 State Road, Philadelphia, Pennsylvania, 19136. A search for Clark's identification number in the Incarcerated Person Locator publicly available online through the Philadelphia Department of Prisons reflects that Clark is currently incarcerated at PICC. *See* https://incarceratedperson-locator.phila.gov/#/ (last visited May 16, 2022). Accordingly, the Clerk of Court will be directed to update the docket to reflect Clark's current address.

## I. FACTUAL ALLEGATIONS[2]

Clark alleges that at approximately 2:00 a.m. on October 3, 2020, he was "taken by police of[f] of the El Plateform [sic]" at the Tioga [subway] station. (Compl. at 4-5.)[3] Clark asserts that Judge Wendy L. Pew "bound [him] over without a [sic] affidavit of probable cause[.]" (*Id.* at 5.) He further claims that "Stephanie Sawyer held [him] in prison."[4] (*Id.*) Clark contends that as a result of his incarceration he was exposed to COVID-19 and suffered from "mental and emotional distress, pain and a[ng]uish[,] lost [sic] of liberty, income, and finance[.]" (*Id.*) As relief, Clark seeks "immediate discharge and $10.000,000,000." (*Id.*)

Public dockets reflect that Clark was charged in a criminal proceeding in the Court of Common Pleas of Philadelphia County in 2021 arising from the events of October 3, 2020. *See Commonwealth v. Jacobs*, CP-51-CR-0001880-2021 (C.P. Philadelphia). Clark was arrested on that date and subsequently charged with several offenses including, criminal attempt – murder, aggravated assault, possession of an instrument of a crime with intent, simple assault, and recklessly endangering another person. *Id.* On March 19, 2021, the Honorable Wendy L. Pew presided over Clark's preliminary hearing in the Philadelphia Municipal Court on these charges. *See Commonwealth v. Jacobs*, MC-51-CR-0019068-2020 (M.C. Philadelphia). Subsequently, the Honorable Stephanie M. Sawyer of the Philadelphia Court of Common Pleas presided over several pretrial proceedings in Clark's underlying criminal case during 2021. *See Jacobs*, CP-51-CR-

---

2 The factual allegations set forth in this Memorandum are taken from Clark's Complaint and the Exhibits attached thereto.

3 The Court adopts the pagination supplied to the Complaint and the attached Exhibits by the CM/ECF docketing system.

4 Clark also wrote the name "Francis X. Benard" on his Complaint following his allegations against Sawyer, but he does not make any specific allegations against this individual. (*Id.*)

0001880-2021 (C.P. Philadelphia). Clark is awaiting trial on these charges, which is currently set for August 1, 2022. *Id.*

## II. STANDARD OF REVIEW

The Court will grant Clark leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), holding that the Court determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Clark is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Vogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F. 3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, '"pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Vogt*, 8 F. 4th at

185 (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant, however, '"cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

## III. DISCUSSION

As noted, Clark brings this case pursuant to 42 U.S.C. § 1983. (Compl. at 3.) Section 1983 of Title 42 of the United States Code, the vehicle by which federal constitutional claims may be brought in federal court, provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Clark utilized the Court's form complaint for use by prisoners to assert his alleged civil rights violations. In his Complaint, Clark refers to Judge Pew and Judge Sawyer, and makes factual allegations against these Judges arising from their involvement in his underlaying state court criminal matter.[5] Liberally construed, the Court understands Clark's Complaint to assert claims against Judge Pew and Judge Sawyer in their individual capacities on the basis that various judicial decisions they made in Clark's underlying criminal proceedings violated Clark's constitutional rights. (Compl. at 2.)

---

[5] In the caption of the form Complaint, Clark identified the Defendants as "All the Judges of the Criminal Justice Center." To the extent Clark's Complaint could be liberally construed as an attempt to bring § 1983 claims against all of the judges of the Philadelphia Court of Common Pleas and Philadelphia Municipal Court, these claims fail for the same reason his claims fail against Judge Pew and Judge Sawyer as set forth in this Memorandum.

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Additionally, both judges of general and limited jurisdiction, including municipal court judges, are entitled to judicial immunity. *See id.* at 441 (concluding that municipal court judges, even though they preside over courts of limited jurisdiction, are entitled to protections of judicial immunity); *see also Maher v. Renninger*, No. 07-2979, 2008 WL 1995046, at *4 (E.D. Pa. May 7, 2008) ("Judicial officers, including municipal court judges, have absolute immunity from suit.")

The only allegations Clark makes against Judge Pew and Judge Sawyer are allegations arising from judicial determinations they made in the course of Clark's underlying state court criminal proceedings. Clark has not set forth any facts suggesting that either Judge Pew or Judge Sawyer acted in the absence of jurisdiction. Accordingly, Judge Pew and Judge Sawyer are entitled to absolute immunity.[6] *See Kinnard v. George*, 652 F. App'x 96, 98 (3d Cir. 2016)

---

6 In filing his Complaint, Clark checked the box on the form indicating that he seeks to bring his claims against the Judges in their official capacities. Any official capacity claims against Judge Pew, Judge Sawyer, or any of the Judges at the Criminal Justice Center are really claims brought against the Commonwealth of Pennsylvania because Judges of the Court of Common Pleas are considered officials of the Commonwealth. As such, they are entitled to share in the Commonwealth's Eleventh Amendment Immunity. *Van Tassel v. Lawrence Co. Domestic Relations Section*, 659 F.Supp.2d 672, 676-82 (W.D. Pa. 2009), *aff'd*, 390 F. App'x 201 (2010) (recognizing that Pennsylvania common pleas judges are entitled to

(finding § 1983 action by a *pro se* plaintiff against two state court judges was properly dismissed where plaintiff complained of "judicial actions that [the] Judges . . . took in the course of an official criminal proceeding" because the judges were "protected by absolute judicial immunity"); *see also Blackwell v. Middletown Borough Police Dep't*, No. 12-825, 2012 WL 4033671, at *3-4 (M.D. Pa. May 30, 2012), *report and recommendation adopted*, 2012 WL 4025956 (M.D. Pa. Sept. 12, 2012) (dismissing *pro se* plaintiff's claims against a magisterial district judge for failure to state a claim at screening because "judicial immunity . . . expressly extends to Pennsylvania magisterial district court judges") (citing *Figueroa*, 208 F.3d at 441). Therefore, Clark's claims against Judge Pew and Judge Sawyer will be dismissed with prejudice as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should be generally be granted "unless amendment would be inequitable or futile.")

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Clark leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. An appropriate Order follows.

*NITZA I. QUIÑONES ALEJANDRO. J.*

---

Eleventh Amendment immunity with respect to official capacity claims). Accordingly, Clark's official capacity claims will be dismissed with prejudice on the basis of Eleventh Amendment immunity.